# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL LOMELI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. NGUYEN,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:10-cv-00151-SKO PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS<br><br>(Doc. 1) |

Plaintiff Phil Lomeli ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Avenal State Prison in Avenal, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names N. Nguyen as defendant ("Defendant"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims for relief under Section 1983. The Court will dismiss Plaintiff's complaint, with leave to file an amended complaint within thirty (30) days.

I.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff alleges that he saw Defendant Nguyen on June 5, 2008 to have a cap placed on one of his teeth. Plaintiff claims that Nguyen began to perform the procedure on Plaintiff, but had difficulty placing the cap on the tooth. Defendant then began "grinding" on the adjacent tooth.[1] Plaintiff alleges that the adjacent tooth is now sensitive to hot and cold temperatures and alleges that Nguyen caused the sensitivity by grinding down the tooth.

**III.   Discussion**

Plaintiff contends that Defendant Nguyen violated Plaintiff's Eighth Amendment rights through his deliberate indifference toward Plaintiff's dental needs. The Eighth Amendment prohibits

---

[1] According to the exhibits attached to Plaintiff's complaint, Nguyen grinded down the adjacent tooth to allow the cap to fit on the other tooth.

2

the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff's complaint fails to state a cognizable claim for relief under Section 1983. At most, Plaintiff has alleged that Defendant Nguyen negligently damaged Plaintiff's adjacent tooth by grinding it down. Plaintiff has failed to allege any fact that suggests that Nguyen grinded Plaintiff's tooth for the purpose of sadistically causing Plaintiff pain. Nothing in Plaintiff's complaint supports the inference that Nguyen acted with malicious or sadistic intent. Plaintiff's factual allegations may support a state tort claim for negligence, but they do not rise to the level of a constitutional violation. Section 1983 does not provide a cause of action for Plaintiff's claim that Nguyen negligently damaged Plaintiff's tooth. The Eighth Amendment is not violated by a single occurrence of alleged negligent dental treatment.

## IV.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus

1  on the duties and responsibilities of each individual defendant whose acts or omissions are alleged
2  to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
3  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.
4  10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other
5  words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's
6  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

7  However, although Plaintiff's factual allegations will be accepted as true and that "the
8  pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint
9  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
10 its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content
12 that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
13 alleged." Id. (citing Twombly, 550 U.S. at 556).

14 Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
15 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
16 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
17 pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original
18 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
19 London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
20 1474. In other words, even the claims that were properly stated in the original complaint must be
21 completely stated again in the amended complaint.

22 Accordingly, based on the foregoing, it is HEREBY ORDERED that:
23 1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
24 2.  The Clerk's Office shall send Plaintiff a complaint form;
25 3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
26     amended complaint;
27 ///
28 ///

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **October 12, 2010**          /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE